UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK HAROLD WILLIAMS,

     Petitioner,                Civil No. 2:18-CV-12396
                                    HONORABLE GERSHWIN A. DRAIN
v.                               UNITED STATES DISTRICT JUDGE

SHERMAN CAMPBELL,

     Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING THE MOTION FOR AN EVIDENTIARY HEARING, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

Derrick Harold Williams, ("Petitioner"), confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for armed robbery, M.C.L.A. § 750.529, assault with intent to do great bodily harm less than murder, M.C.L.A. § 750.84, felonious assault, M.C.L.A. § 750.82, and felony-firearm, M.C.L.A § 750.227b. Defendant was sentenced as a habitual offender (fourth offense), M.C.L.A. § 769.12.

Respondent filed a motion to dismiss the petition, on the ground that it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C.

1

§ 2244 (d)(1).  For the reasons stated below, the petition for a writ of habeas

corpus is summarily dismissed.

## I.  Background

Petitioner was convicted following a jury trial in Wayne County Circuit

Court.  On March 30, 2012, petitioner was sentenced to 40 to 60 years in prison for

armed robbery, 40 to 60 years for assault with intent to commit great bodily harm

less than murder, 5 to 15 years for felonious assault, and two years for felony-

firearm.

Petitioner filed a direct appeal with the Michigan Court of Appeals, which

affirmed his convictions. *People v. Williams,* No. 311038, 2013 WL 3766578, at

*1 (Mich. Ct. App. Jul. 18, 2013).  Petitioner did not file an application for leave to

appeal with the Michigan Supreme Court. (ECF 9-16, PageID.866).[1]

On August 7, 2015, petitioner filed a post-conviction motion for relief from

judgment, 328 days after the statute of limitations for filing a habeas petition

expired.  Following the denial of his motion for relief from judgment, petitioner

filed his application for leave to appeal the denial with the Michigan Court of

Appeals.  The Michigan Court of Appeals denied petitioner leave to appeal. *People

v. Williams*, No. 332029 (Mich. Ct. App. Jul. 14, 2016); *lv. den.* 500 Mich. 978;

893 N.W.2d 338 (2017).

---

[1] *See* Affidavit of Larry Royster, Clerk of the Michigan Supreme Court, dated
September 26, 2018 [This Court's Dkt. # 9-16].

Petitioner filed his habeas petition with the Court on July 27, 2018.[2]

## II. Discussion

Respondent filed a motion to dismiss the petition for a writ of habeas corpus on the ground that the petition was not filed in compliance with the statute of limitations. In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2d Cir.1999); *see also Cooey v. Strickland,* 479 F.3d 412, 415-16 (6th Cir. 2007).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions. Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2]  Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on July 27, 2018, the date that it was signed and dated. *See Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999).

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the AEDPA's one-year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F.3d 252, 260 (6th Cir. 2009). A petition for a writ of habeas corpus must be dismissed where it has not been filed within the one-year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001). A merits decision is unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007).

The Michigan Court of Appeals affirmed petitioner's conviction on July 18, 2013. Petitioner did not file an application for leave to appeal with the Michigan Supreme Court.

If a habeas petitioner appeals to the Michigan Supreme Court, but does not petition the United States Supreme Court for a writ of certiorari, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires. The one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. See *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

However, when, as in this case, a habeas petitioner only appeals his judgment of conviction to the Michigan Court of Appeals and fails to properly or timely file an application for leave to appeal to the Michigan Supreme Court, the additional ninety days for filing an appeal to the United States Supreme Court is not taken into account. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012)(clarifying that when a petitioner does "not appeal to the State's highest court, his judgment [becomes] final when his time for seeking review with the State's highest court expire[s]").

Under M.C.R. 7.305(C)(2)(a), petitioner had fifty-six days to file an appeal in the Michigan Supreme Court, the highest court in the State. The expiration of the fifty-six days represents the expiration of the time for seeking direct review of petitioner's judgment of conviction, therefore, the one-year statute of limitations began to run at that time. *Gonzalez*, 565 U.S. at 150.

Because petitioner did not file an application for leave to appeal to the Michigan Supreme Court, his conviction became final, for purposes of § 2244(d)(1)(A), on September 12, 2013, when the time for seeking leave to appeal with the Michigan Supreme Court expired. *See Brown v. McKee,* 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002); *Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001). Absent state collateral review, petitioner would have been required to file his petition for a writ of habeas corpus with this Court no later than September 12, 2014, in order for the petition to be timely filed. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001).

Petitioner, through his attorney Phillip D. Comorski, filed his post-conviction motion on August 7, 2015, long after the one-year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2), because there is no period remaining to be tolled. *See Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F.3d 717, 718, n. 1 (6th Cir. 2002). The current petition is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

6

in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649

(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The Sixth Circuit has

observed that "the doctrine of equitable tolling is used sparingly by federal courts."

*See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).  The burden is on a

habeas petitioner to show that he is entitled to the equitable tolling of the one-year

limitations period. *Id.*

Petitioner acknowledges in his petition that his application is untimely but

argues that the petition should be equitably tolled based on his mental disability.

A habeas petitioner's mental incompetence or incapacity may provide a

basis for equitable tolling of the AEDPA's statute of limitations. *See Ata v. Scutt*,

662 F.3d 736, 742 (6th Cir. 2011).  In order to obtain equitable tolling of AEDPA's

statute of limitations on the basis of mental incompetence, a habeas petitioner must

show that (1) he is mentally incompetent, and (2) his mental incompetence caused

his failure to comply with the AEDPA's statute of limitations. *Id.*  Significantly, "a

blanket assertion of mental incompetence is insufficient to toll the statute of

limitations.  Rather, a causal link between the mental condition and untimely filing

is required." *Id.* (internal citation omitted).  In order for a habeas petitioner's

mental incapacity to warrant equitable tolling of the AEDPA's statute of

limitations, "the petitioner must demonstrate that the incompetence affected his

ability to file a timely habeas petition." *Robertson v. Simpson,* 624 F.3d at 785.

Moreover, "[m]ental incompetence is not a *per se* reason to toll a statute of limitations." *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008); *see also Brown v. McKee,* 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002). "In order to be entitled to equitable tolling the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected [his] ability to file a timely habeas petition." *McSwain,* 287 F. App'x at 456, *see also Nowak v. Yukins*, 46 F. App'x 257, 259 (6th Cir. 2002). A habeas petitioner must allege more than the "mere existence of physical or mental ailments" in order to qualify for the equitable tolling of the AEDPA's statute of limitations. *Brown v. McKee,* 232 F. Supp. 2d at 767.

Petitioner is not entitled to equitable tolling of the limitations period based on his alleged mental incompetency because he has presented no evidence of his mental health during the limitations period. See *Watkins v. Deangelo-Kipp,* 854 F.3d 846, 851 (6th Cir. 2017). Petitioner does not attach any documentation to his reply brief in support of his mental illness claim. Furthermore, there is no documentation in support of a mental illness anywhere in the record.

More importantly, petitioner failed to show that his alleged mental illness was the cause of his untimely filing. *Watkins v. Deangelo-Kipp,* 854 F.3d at 853. Petitioner filed a Supplemental Brief on his appeal of right and pursued post-conviction relief in the state courts while suffering from his alleged mental

8

impairment, thus, he has failed to show a causal connection between his mental impairment and his ability to timely file a habeas petition, so as to justify the equitable tolling of the limitations period. *Id.*; s*ee also McSwain v. Davis,* 287 F. App'x at 457; *Bilbrey v. Douglas,* 124 F. App'x 971, 973 (6th Cir. 2005).

The one-year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner in his motion for relief from judgment argues that he has newly discovered evidence from his co-defendant, Anthony Jackson, who claimed in an affidavit that he would testify that the shooting came from outside the store and that petitioner was in the line of fire, along with the victim.

Jackson's affidavit is suspect, because it was not made until after his sentencing. Petitioner's trial counsel was aware of Jackson's statement during petitioner's trial; however, Jackson refused to provide testimony until after his sentencing, so as not to affect his conviction and sentencing. A delayed affidavit like Jackson's which seeks to exonerate petitioner is "treated with a fair degree of skepticism." *Herrera v. Collins,* 506 U.S. 390, 423 (1993). Indeed, in determining whether a habeas petitioner has satisfied the miscarriage of justice standard, a federal court "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Schlup v. Delo,* 513 U.S. 298, 332 (1995).

In particular, "[p]ostconviction statements by codefendants [which attempt to exculpate a criminal defendant] are inherently suspect because codefendants may try to assume full responsibility for the crime without any adverse consequences." *Allen v. Yukins,* 366 F.3d 396, 405 (6th Cir. 2004); *see also In re Byrd,* 269 F.3d 561, 574 (6th Cir. 2001)(petitioner did not satisfy the miscarriage of justice exception necessary to reach the merits of a successive habeas petition, where the evidence of actual innocence was an affidavit from a co-defendant which was made six years after the co-defendant had been convicted and sentenced for his part in the crime and the co-defendant's confession was made only after he was no longer subject to further punishment for his actions for these crimes).

In this case, Jackson's post-conviction attempt to exculpate petitioner is suspect, in light of the fact that it was made after Jackson himself was sentenced and was no longer subject to any further punishment or other adverse consequences for his actions. Jackson's affidavit is also unreliable because it is inconsistent with the evidence presented at trial, which established petitioner's active involvement in the robbery. *Allen v. Yukins,* 366 F.3d at 406 (post-conviction affidavit of habeas petitioner's co-defendant was legally insufficient to establish that she was actually innocent of an assault charge as the assertions in the affidavit were inconsistent with the evidence presented at trial). Petitioner is not entitled to equitable tolling of the statute of limitations based on newly discovered evidence.

Petitioner cannot meet his burden to support his claim that he is innocent, based on newly discovered evidence. Petitioner is not entitled to tolling of the limitations period, because he presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005). Petitioner has also failed to establish that his alleged mental illness effected his ability to comply with the statute of limitations.

### III. Conclusion

The Court summarily DENIES the petition for a writ of habeas corpus with prejudice.

Petitioner has also filed a motion for an evidentiary hearing. In light of the fact that the petition is time-barred, the motion is denied as moot. *See e.g. Hunt v. Stegall*, 174 F. Supp. 2d 565, 568 (E.D. Mich. 2001).

The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be

warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court denies petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether the Court was correct in determining that petitioner filed his habeas petition outside of the one-year limitations period. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## IV. <u>ORDER</u>

The petition for a writ of habeas corpus (Dkt. # 1) is SUMMARILY DISMISSED with prejudice pursuant to 28 U.S.C. § 2244(d)(1).

The motion for an evidentiary hearing (Dkt. # 11) is DENIED.

Petitioner is DENIED a Certificate of Appealability.

Petitioner is DENIED leave to appeal *in forma pauperis.*

Dated:       April 5, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 5, 2019, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager